IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 98-0221** |
| ) | |
| **KAMARA CATAVIOUS WOODSON,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

      This action is before the Court on defendant's "Motion to Correct Sentence and Modify Judgment in Accordance to Sentencing Reform Act 1984 and 1987 Federal Sentencing Guidelines, Pursuant to 18 U.S.C. § 3582 *et seq.*" (doc. 89).

      In his lengthy, rambling Motion, defendant Kamara Catavious Woodson maintains that he is entitled to relief from his sentence pursuant to 18 U.S.C. § 3582(c)(2) for the following reasons: (a) the sentencing court violated his constitutional rights by making drug quantity findings, instead of deferring that determination to a jury; (b) the sentencing court violated his rights by making such drug quantity findings by a preponderance of the evidence; (c) defendant's indictment was defective because it did not charge him with 1.5 kilograms of crack cocaine;[1] and (d) the Supreme Court's decision in *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), entitles him to have his sentence corrected because the Sentencing Guidelines were applied to his case in an unconstitutional, mandatory manner.

      Generally, a sentencing court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see also United States v. Bowens,* 2005 WL 3311989, *1 (11th

---

[1]     The Motion is self-contradictory on this point.  After arguing that there is "no indictment apprising him of 1.5 Kilograms of crack cocaine" and that the sentencing court was therefore deprived of subject matter jurisdiction, defendant abruptly switches gears to allege "that the indictment charged a specific amount in both counts (1.5 kilograms and 10 ounces)" but that the court erred in instructing the jury that it did not have to find those specific amounts in order to convict Woodson.  (Motion, at 8-9.)  These positions are mutually inconsistent and irreconcilable.

Cir. Nov. 8, 2005) (citing general rule that court may not modify term of imprisonment once it has been imposed); *Quesada Mosquera v. United States*, 243 F.3d 685, 686 (2nd Cir. 2001) (similar); *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."); *United States v. Lenderman*, 2004 WL 335024, *1 (4th Cir. Feb. 23, 2004) ("the court may not modify a term of imprisonment once it has been imposed except in very narrow circumstances").

      Woodson invokes the following statutory exception to this general rule:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment ***based on a sentencing range that has subsequently been lowered by the Sentencing Commission*** pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(2) (emphasis added). The Sentencing Commission's policy statement regarding retroactive sentences is U.S.S.G. § 1B1.10, which identifies those amendments as to which retroactive reductions of sentence are authorized.[2] The Eleventh Circuit has established a "bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c)." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). When § 1B1.10 authorizes retroactive application of a Sentencing Guidelines

---

[2]    The relevant language of that policy statement is as follows:

"(a)    Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

              *                        *                    *

"(c)    Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, and 657."

U.S.S.G. § 1B1.10.

amendment, a district court must substitute only the retroactive amendment for the corresponding provisions in effect at the time of sentencing, without disturbing any other guideline application rulings.  *See United States v. Cothran*, 106 F.3d 1560, 1562-63 (11th Cir. 1997) (when court retroactively applies amendment, it must leave all previous factual decisions intact).

Simply put, then, a defendant is eligible for relief under § 3582(c)(2) only if he can show that the Sentencing Commission has amended the Sentencing Guidelines in a manner establishing that his sentence should be modified.  *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission."); *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) ("Appellant's motion could fit under § 3582(c) only if he was arguing his sentence should be modified based on a subsequent sentencing guideline amendment."); *Armstrong*, 347 F.3d at 907 ("for a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c)").  This avenue for relief is a "limited and narrow exception to the rule that final judgments are not to be modified."  *Id.* at 909.  Indeed, § 3582(c) does not confer upon a defendant license to challenge every aspect of his criminal proceedings with which he is dissatisfied, and it is not a substitute for a motion to vacate pursuant to 28 U.S.C. § 2255.  *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (explaining that § 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues such as purported Eighth Amendment violations, which claims must instead be brought under § 2255); *United States v. Prieto*, 2005 WL 3046349 (11th Cir. Nov. 15, 2005) (defendant's claim that he was entitled to relief because the criminal conduct identifying two offenses of conviction was the same was not a basis for § 3582(c)(2) relief because it did not concern an amendment to the Guidelines).

Woodson's Motion does not contend that he is entitled to reduction of his sentence because of amendments to the Sentencing Guidelines by the Sentencing Commission.  Instead, he attempts to use § 3582(c) as a platform to relitigate a variety of claims (*Apprendi* error, constructive amendment of indictment, etc.) that he has previously raised unsuccessfully on

direct appeal and/or in his § 2255 petition. Section 3582(c) affords him no relief on that basis. *See generally United States v. Smith*, 241 F.3d 546, 548 (7th Cir.2001) (*Apprendi* issue not authorized by § 3582(c) because it is unrelated to any change in the Sentencing Guidelines); *Wyche v. United States*, 317 F. Supp.2d 1, 12-13 (D.D.C. 2004) (rejecting § 3582 petition where petitioner reiterated *Apprendi* argument from § 2255 motion, because § 2255 motion is appropriate vehicle for such a line of attack). Nor can Woodson's invocation of *Booker* avail him in the context of a § 3582(c) motion. Simply put, "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions." *Moreno*, 421 F.3d at 1220; *see also United States v. Williams*, 2005 WL 3359095, *2 (11th Cir. Dec. 12, 2005) (concluding that "*Booker* is not an amendment to the Guidelines as contemplated by the Sentencing Commission; hence, it affords appellant no relief under § 3582(c)"); *United States v. Cover*, 2006 WL 176937, *2 (11th Cir. Jan. 26, 2006); *United States v. Rolle*, 2006 WL 177596, *1 (4th Cir. Jan. 25, 2006) (relief based on *Booker* is unavailable under § 3582(c)(2)); *United States v. Olivares*, 2006 WL 83369, *1 (5th Cir. Jan. 13, 2006) (Sixth Amendment claims based on *Blakely* and *Booker* are not cognizable in § 3582 motions because they are not based on retroactive amendment to the Sentencing Guidelines).

The narrow exception to the finality of judgments provided by § 3582(c)(2) is confined to certain enumerated amendments to the Sentencing Guidelines by the Sentencing Commission. To grant Woodson relief on his Motion would be to conflate § 3582(c)(2) into a parallel § 2255 remedy by allowing a § 3582 petitioner to litigate any alleged constitutional deprivation. Both the statutory language and accompanying case law unambiguously preclude such a result. For that reason, Woodson's Motion to Correct Sentence and Modify Judgment Pursuant to 18 U.S.C. § 3582(c) (doc. 89) is **denied**.[3]

---

[3] Although the proper vehicle, if any, for Woodson's claims would be § 2255, rather than § 3582(c), the undersigned declines to convert his filing *sua sponte* into a motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255. After all, defendant stridently asserts that "this is not a civil proceeding under 28 U.S.C. § 2255" and admonishes the Court not to construe his filing as a second or successive § 2255 motion. (Motion, at 7.)

DONE and ORDERED this 10th day of February, 2006.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE