# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 98-00221-WS** |
| ) | |
| **KAMARA CATAVIOUS WOODSON,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

     This matter comes before the Court on defendant Kamara Catavious Woodson's *pro se* Motion for Modification and Reduction of his Sentence Pursuant to 18 U.S.C. § 3582 (doc. 116). This filing marks Woodson's second attempt to parlay Amendment 706, U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2) into a reduction in his sentence.

     On May 5, 2008, the undersigned entered an Order (doc. 106) granting Woodson's first § 3582(c)(2) motion (doc. 99) predicated on Amendment 706 and reducing Woodson's sentence from 235 months to 188 months. Notwithstanding this significant 47-month reduction, which shaved fully 20% off defendant's sentence and afforded him the maximum relief authorized under U.S.S.G. § 1B1.10(b)(2)(A), Woodson advanced a series of additional arguments, both here and on appeal, seeking an even larger reduction in his sentence. For example, Woodson argued that he was entitled to a full *Booker* resentencing, maintained that further modifications to his sentencing guideline calculations were appropriate, urged the Court to impose a sentence below the low end of the amended guideline range, and claimed entitlement to more generous relief than § 1B1.10 would allow. This Court rejected Woodson's efforts to secure further sentence reductions via Orders entered on April 17, 2008 (doc. 102) and July 10, 2008 (doc. 112). In September 2008, the Eleventh Circuit Court of Appeals denied Woodson's *in forma pauperis* application because his allegation of poverty appeared untrue in light of his prison account activity, and dismissed his appeal for want of prosecution. (Docs. 114, 115.)

     Now Woodson has filed another § 3582(c)(2) motion seeking a second bite at the Amendment 706 apple. The gravamen of this new motion is Woodson's contention that the trial court erred at sentencing by holding him accountable for more crack cocaine than it should have.

According to Woodson, rather than holding him responsible for in excess of 1.5 kilograms of crack cocaine (which translates into a base offense level of 36 under U.S.S.G. § 2D1.1 even after the two-level reduction brought about by Amendment 706), the sentencing court should have found him responsible for just 196 grams, which equates to a base offense level of 32.

But § 3582 does not authorize the district court to take a fresh look at the findings and conclusions of the sentencing judge.  Indeed, this Court has previously explained to Woodson that it lacks authority to revisit, much less disturb, drug quantity findings or any other aspect of the original sentencing decision other than the two-level reduction in base offense level expressly authorized by Amendment 706.  *See* U.S.S.G. § 1B1.10(b)(1) ("the court shall substitute only [Amendment 706] for the corresponding guideline provisions that were applied when the defendant was sentenced and ***shall leave all other guideline application decisions unaffected***") (emphasis added).  Binding appellate authority reinforces this point, as the Eleventh Circuit has recently explained in the § 3582(c)(2) context that "a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment."  *United States v. Williams*, --- F.3d ----, 2009 WL 294325, *2 (11th Cir. Feb. 9, 2009); *see also United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir. 2009) (finding that "[a] proceeding under § 3582(c)(2) is not a full resentencing hearing" and that "[t]he district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission").

Simply put, Woodson's request that this Court conduct a new sentencing hearing and make new drug quantity findings is irreconcilable with *Williams*, *Melvin*, and U.S.S.G. § 1B1.10(b)(1), the applicable policy statement of the U.S. Sentencing Commission.  He has already received all the relief for which he is eligible under Amendment 706.  As such, Woodson's most recent Motion for Modification and Reduction of his Sentence Pursuant to 18 U.S.C. § 3582 (doc. 116) is **denied**.

**DONE** and **ORDERED** this 31st day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE